IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-23-PLR-HBG |
| | ) | |
| FAYTHE ELAINE HEAD, | ) | |
| FRANK DELANO ROGERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendants' Joint Motion to Continue Motion Deadline and Trial [Doc. 15], filed on May 1, 2020. The Defendants asks the Court to extend the May 1 motion deadline and May 19 trial date to give defense counsel time to confer with the Defendants on discovery, investigate the facts of the case, and prepare the case for trial. The motion relates that due to the COVID-19 pandemic, counsel have not been able to meet with the Defendants, who are both released on conditions, in person, because both Defendants are in high risk categories in relation to the coronavirus. The Defendants request that the motion deadline be extended through the end of May 2020. The motion states the Defendants understand that all time between the filing of the motion and the new trial date is fully excludable under the Speedy Trial Act. Finally, the motion relates that the Government has no objection to a continuance. The parties have conferred with Chambers and agreed on a new trial date of October 27, 2020.

First, the Court observes that the May 19, 2020 trial date in this case must be continued pursuant to the Standing Orders of this Court. On March 16, 2020, Chief United States District Judge Pamela L. Reeves entered Standing Order 20-06, which provides as

follows:

> Given that the World Health Organization has declared the Coronavirus Disease 2019 (COVID-19) a pandemic, that the Governor of the State of Tennessee has declared a public health emergency throughout the state in response to the spread of COVID-19 and given that the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, it is hereby ORDERED that, effective immediately:
>
> . . . .
>
> 2. Subject to any exceptions identified [in this Order], all civil and criminal jury trials scheduled to commence from March 16, 2020 through April 24, 2020, before any district or magistrate judge in any division in the Eastern District of Tennessee are **CONTINUED**, except as otherwise ordered by the presiding judge. . . . .
>
> 3. With regard to criminal jury trials, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the risks posed to the jurors and the public, the time period of the continuances implemented by this Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)A).

E.D.TN. SO-20-06. On April 15, 2020, Chief Judge Reeves issued Standing Order 20-11, extending the April 24 deadline in SO-20-06 to May 4, 2020, because "the COVID-19 pandemic continues and . . . the Governor of Tennessee has extended the state-wide "Stay-At-Home" order through May 1, 2020[.]" On April 24, 2020, Chief Judge Reeves extended the May 4 deadline to May 30, 2020, in Standing Order 20-12, based upon the continuation of the COVID-19

2

pandemic and "guidance from the CDC as well as federal, state, and local public health authorities[.]" Thus, the trial of this case cannot occur on May 19, 2020.

Moreover, the Court finds the join motion to continue the trial is unopposed by the Government and is well-taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The motion relates that defense counsel have not been able to meet with their clients, both of whom are senior citizens, in person to review discovery. Counsel also require additional time to investigate the facts of this case and to confer with the Defendants in preparation for trial. The Court finds that limitations on in-person meetings with clients and witnesses, stemming from the COVID-19 pandemic, have slowed trial preparations in this case. The Court finds that the remaining trial preparations cannot take place by the May 19 trial date or in less than five and one-half months. Thus, the Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' Joint Motion to Continue the Motion Deadline and Trial [**Doc. 15**] is **GRANTED**. The trial of this case is reset to **October 27, 2020**. The Court finds that all the time between the filing of the motion on May 1, 2020, and the new trial date of October 27, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B); E.D.TN SO-20-06, E.D.TN SO-20-11, E.D.TN SO-20-12. The Court also set a new schedule in this case, which is stated in detail below. Accordingly, it is **ORDERED** as follows:

(1) The unopposed, joint motion to continue the trial [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **October 27, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion on **May 1, 2020**, and the new trial date of **October 27, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **June 1, 2020**. Responses to motions are due on or before **June 15, 2020**;

(5) The final pretrial conference will take place before the undersigned on **October 1, 2020, at 11:00 a.m.**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **October 6, 2020**;

(7) Motions *in limine* must be filed no later than **October 12, 2020**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **October 16, 2020**.

**IT IS SO ORDERED.**

ENTER:

*[signature: Bruce Guyton]*

United States Magistrate Judge